UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MIRIAM NUNEZ and MEAGAN RIVERA,

                Plaintiffs,

                -against-

THE CITY OF NEW YORK, DET. JEFFREY MCAVOY, Shield No. 7380, DET. JASON DEL TORO, Shield No. 4218, P.O. GEORGE VELEZ, Shield No. 31307, SGT. ANTHONY DEMONTE, Shield 915 and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**09 CV 8798**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiffs MIRIAM NUNEZ and MEAGAN RIVERA, by their attorneys, Cohen & Fitch LLP, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

**VENUE**

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff MEAGAN RIVERA is a Hispanic female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Plaintiff MIRIAM NUNEZ is a Hispanic female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10. That at all times hereinafter mentioned DET. JEFFREY MCAVOY, DET. JASON DEL TORO, P.O. GEORGE VELEZ, SGT. ANTHONY DEMONTE and P.O.'s "JOHN DOE" #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

14. On or about April 14, 2008, at approximately 6:00 a.m., plaintiffs were lawfully present in the premises known as 10 Avenue D, Apartment 8A, in the County of New York, State of New York.

15. At the aforesaid time and place, defendant police officers broke down the door of plaintiffs' home.

16. Upon information and belief, the police officers did not enter pursuant to a valid search warrant.

17. Upon information and belief, the police officers did not provide a copy of said warrant to plaintiffs upon repeated requests.

18. Upon information and belief, the police officers, if they did possess a warrant, did not enter in a manner or at a time authorized in the warrant.

19. Upon information and belief, none of the plaintiffs were listed or described as suspects or targets on any application for any warrant.

20. Defendant police officers then aggressively entered the apartment with their guns drawn, terrorizing plaintiffs.

21. Plaintiffs MEAGAN RIVERA and MIRIAM NUNEZ were asleep before defendants arrived and was startled awake by the sound of banging on the apartment door.

22. Plaintiffs got up and entered the hallway outside of the bedroom and were met by defendant officers with their guns drawn, pointed at them and screaming "GET DOWN ON THE FLOOR."

23. Plaintiffs immediately complied with the aforementioned commands and went to the floor where they were immediately placed in handcuffs.

24. Defendant officers repeatedly asked plaintiffs "WHERE'S ERIC, WHERE'S ERIC."

25. Plaintiffs explained to the officers that there was no one by that name living in there apartment.

26. While plaintiffs were in custody, defendant police officers searched the entire house.

27. Notwithstanding the lack of any evidence or contraband found on plaintiffs or within their custody or control, defendants arrested plaintiffs and charged them with Criminal Possession of a Weapon and Criminal Possession of a Forged Instrument.

28. The plaintiffs never possessed or controlled any contraband, weapons or forged instruments.

29. As a result of their unlawful arrest, plaintiffs spent approximately twenty four (24) hours in jail before the District Attorneys Office declined prosecution of the plaintiffs.

30. As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

31.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

33.     All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

36.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

37.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

39.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

40.     Plaintiffs repeat, reiterates and realleges each and every allegation contained in paragraphs "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants issued legal process to place plaintiffs under arrest.

42.     Defendants arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

43.     Defendants acted with intent to do harm to plaintiffs, without excuse or justification.

44.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for their safety and they were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH AND ENTRY UNDER 42 U.S.C. § 1983

45.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were illegally and improperly entered without consent, a valid warrant, probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

47. As a result of the aforesaid conduct by the defendants, plaintiffs' home was entered illegally at time not prescribed in the warrant, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

48. As a result of the aforesaid conduct by the defendants, plaintiffs' were not provided a copy of said warrant upon their request, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

49. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were illegally and improperly searched without any warrant, probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

50. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

52. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, a) obtaining no-knock warrants by misrepresenting to judges the reliability of information received from confidential informants, b) entering the premises at a time not authorized in the warrant, c) arresting any and all individuals in said premises regardless of probable cause, and d) refusing to present the search warrant to individuals upon request.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

56. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were unlawfully arrested and detained, and subjected to excessive Force.

57. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

58. The acts complained of deprived plaintiffs of their rights:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from malicious abuse of process;

   D. To be free from unlawful search;

   E. Not to have summary punishment imposed upon them; and

   F. To receive equal protection under the law.

59. As a result of the foregoing, plaintiffs are entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and are further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiffs MIRIAM NUNEZ and MEAGAN RIVERA, infants under the age of eighteen years, demand judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       October 8, 2009

                                        BY:_____/S_____
                                        JOSHUA P. FITCH (JF-2813)
                                        COHEN & FITCH LLP
                                        Attorneys for Plaintiff
                                        225 Broadway, Suite 2700
                                        New York, N.Y. 10007
                                        (212) 374-9115

Case 1:09-cv-08798-DLC Document 1 Filed 10/16/09 Page 10 of 10